J. R. MURPHY, Respondent, v. MECHANICS & TRADERS TOWN MUTUAL FIRE INSURANCE COMPANY, Kansas City, Missouri, Appellant.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Insurance: AGENCY: PAYMENT OF PREMIUM: EVIDENCE.** The evidence in this case is reviewed and held to warrant an instruction that H was the agent to deliver the policy and collect the premium.

2. **Principal and Agent: EVIDENCE: DECLARATION OF AGENT.** An agency can not be established by the voluntary declaration of the alleged agent made out of the presence of the principal.

Appeal from the Jackson Circuit Court.—*Hon. Edward L. Scarritt*, Judge.

AFFIRMED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) If Hutchings acted for Mrs. Murphy in the matter, delivery of the policy to him was delivery to Mrs. Murphy, and there can be no question of waiver of premium payment in the case. (2) The question of whose agent Hutchings was in this case was an issuable one and should have been left to the jury under proper instructions. Where the facts are undisputed this, of course, is a question of law, but where they are in dispute it is always for the jury. Seehorn v. Hall, 130 Mo. 257; Harrison v. Railway, 50 Mo. App. 332. Where there is any evidence both pro and con as to whose agent one is, the question is for the jury. Schlesinger v. Railway, 87 Mo. 146; Robinson v. Walton, 58 Mo. 380.

*Hale, Holden, Warner* and *Dean & McLeod* for respondent.

(1) The witness Hutchings was the agent of defendant in delivering the policy of insurance to Bridget Murphy, and payment of premium to him was payment to the company. Rosencrans v. Ins. Co., 66 Mo. App. 352; May v. Assur. Co., 27 Fed. Rep. 260; Lycoming v. Ins. Co., 90 Ill. 545; Ins. Co. v. Hartwell, 123 Ind. 177; Ins. Co. v. Saindon, 52 Kansas, 486; McGonigle v. Ins. Co., 168 Pa. St. 1; Ins. Co. v. Ewing, 90 Fed. Rep. 217; Arthurholt v. Ins. Co., 159 Pa. St. 1; May on Ins. [3 Ed.], sec. 349. (2) It is particularly to be noted that the instruction objected to is limited to the declaration that for the purpose of delivering the policy and collecting the premium, Hutchings was the agent of the company. He may have been agent for Mrs. Murphy and yet the company could under the authorities, employ him upon a limited agency for the purpose of delivering the policy and collecting the premium, and if so, then for those purposes, he became its agent. (3) Upon the evidence in this case the question of Hutchings' agency was a matter of law for the court. The law is well settled that agency can not be established by such declarations; in other words, the agent can not confer authority upon himself. Further evidence is indispensable to connect the principal sought to be charged. Mecham on Agency, sec. 100; Sumner v. Saunders, 51 Mo. 89; Saare v. Railway, 20 Mo. App. 211; Diel v. Railway, 37 Mo. App. 454; Bank v. Leyser, 116 Mo. 68.

GILL, J.—This is an action on an insurance policy issued by defendant to Bridget Murphy and insuring a certain building in Kansas City, Kansas, for the sum of $500. On the face of the policy it was provided that the loss should be paid to the plaintiff, J. R. Murphy, who held a mortgage on the property. Within the time covered by the policy the build-

ing was destroyed by fire. Defendant refusing to pay, this suit was brought, resulting in a verdict and judgment for plaintiff and defendant appealed.

The only point raised here relates to a defense based on the following clause in the policy: "This entire policy shall be void until the actual cash payment to the company, or its duly authorized agent, of at least fifty per cent of the premium named herein." It was set up in the answer that at the date of the fire no part of the premium had been paid, and hence it was claimed that the policy had not then taken effect. It was, and is now, the contention of the plaintiff that when the policy was issued the entire premium of $20 was paid to the defendant's agent. To support this contention plaintiff's evidence was to this effect: that in June, 1897, the owner of the property, Bridget Murphy, went to the office of one Hutchings, an insurance agent in Kansas City, Kansas, and solicited insurance on her building. She had no prior acquaintance with Hutchings and was simply led into his office by the display of his sign. Hutchings consented to insure the property and issued to Mrs. Murphy a policy in the "Aetna" company. In a few days thereafter, however, Hutchings went to Mrs. Murphy and advised her that the Aetna refused to carry the risk but offered to insure her in another good company. To this Mrs. Murphy agreed. It seems that Hutchings had already arranged with the defendant's manager at Kansas City, Missouri, to place insurance for the usual commission, and thereupon said Hutchings sent the following letter, directed to the defendant's manager at Kansas City, Missouri:

"Kansas City, Kansas, June 28, 1897.
"D. J. Flintjer, Sec'y and Gen'l Manager,
      "Kansas City, Mo.,
"Dear sir:
"Please write in the name of Bridget Murphy a fire insurance policy for $500, covering two-story, frame, composition

roof building at No. 60 North James street in the Mechanics and Traders Ins. Co.

"The building to be insured is occupied by grocery store and dwelling. Attach mortgage clause in favor of J. R. Murphy, also lightning clause and gasoline stove permit. The rate on this business is four per cent and I have placed the policy at board rate and I shall therefore expect a policy fee of $4. Write the policy to show a consideration of $20. The reduction in rate in this case would be a preventive rather than an aid in securing the business. The policy will be paid for in cash. Please write policy and forward to me as soon as possible and oblige.

"Yours very truly,

"C. F. Hutchings, Jr."

In response to this letter the defendant's secretary and manager returned the policy requested accompanied by the following letter:

"Kansas City, Mo., June 29, 1897.

"C. F. Hutchings, Jr., Esq.,

"Kansas City, Kans.

"My dear sir:—I have your kind favor of the twenty-eighth and take pleasure in inclosing you policy No. 3688 Mechanics and Traders in favor of Bridget Murphy, $500, loss payable to J. R. Murphy, mortgagee, as per your request. You calculate on commissions correctly, $4, so you can kindly remit to us the sum of $16. Trusting to have the pleasure of hearing from you with similar reports, I am, with kindest regards,

"Very truly yours,

"D. J. Flintjer, Secretary."

On the receipt of the policy Hutchings delivered it to Mrs. Murphy and collected from her the entire premium and gave a receipt therefor. It seems, however, that Hutchings did not promptly remit that part of the premium going to de-

fendant; and so, on August 24, 1897, the defendant's manager at Kansas City, Missouri, wrote to Hutchings requesting the remittance of "a small balance due from your agency to us." Before, however, this request of August 24 was complied with, that is, about the first day of September, the Murphy building was destroyed by fire, and defendant has contested its liability on the specific ground that Hutchings was not its agent in collecting the premium from Mrs. Murphy.

At the close of the evidence, an outline of which is given above, the trial court instructed the jury, that "Hutchings was the agent of the defendant company to deliver the policy of insurance read in evidence and to collect the premium, and if you believe from the evidence that said Hutchings did deliver said policy to Bridget Murphy on or about July 2, 1897, and then and there received from her the premium of $20 therefor, the said policy of insurance thereupon became a contract binding upon the defendant."

Defendant complains of this instruction on the alleged ground that the court usurped the duties of the jury and assumed to decide a controverted question of fact.    It is insisted that there was some evidence at least that in delivering the policy and collecting the premium therefor, Hutchings was the agent of Mrs. Murphy, the assured, and not that of the defendant.    We think there is no just or reasonable ground for this contention. The only shadow of evidence that Hutchings was acting as the agent for Mrs. Murphy is the testimony of two of defendant's officers or agents to the effect that a few days before the policy was obtained Hutchings stated in their presence that he was the agent of said Mrs. Murphy to procure insurance on her property. But this clearly was incompetent evidence to prove such agency.    Mrs. Murphy was not present at the time, and it is a well-settled rule that agency can not be established by the voluntary declaration of the so-called agent made out of the presence of

the party to be charged as principal. At most, these statements of Hutchings could only be used to contradict or impeach Hutchings as a witness, by showing that at another time he had made a different statement as to his relations with the assured than that testified to at the trial. This testimony as to the matter of agency eliminated, there existed undisputed and undoubted proof that Hutchings delivered the policy and collected the premium from the assured as the agent and representative of the defendant company and not as the agent for Mrs. Murphy.

As I understand this record, there is no substantial or just defense to this action, and the judgment, which is for the plaintiff, ought to be affirmed. The other judges concurring, it is so ordered.